IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JAMES ROBERT MARTIN                                                          PLAINTIFF

v.                              No. 4:14–CV–745-SWW–BD

CAROLYN W. COLVIN, Acting Commissioner,
Social Security Administration                                               DEFENDANT

Recommended Disposition

Instructions

The following recommended disposition was prepared for Judge Susan Webber Wright. A party to this dispute may file written objections to this recommendation. An objection must be specific and state the factual and/or legal basis for the objection. An objection to a factual finding must identify the finding and the evidence supporting the objection. Objections must be filed with the clerk of the court no later than 14 days from the date of this recommendation.[1] The objecting party must serve the opposing party with a copy of an objection. Failing to object within 14 days waives the right to appeal questions of fact.[2] If no objections are filed, Judge Wright may adopt the recommended disposition without independently reviewing all of the record evidence.

---

[1] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

[2] *Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (failure to file objections waives right to de novo review and to appeal magistrate judge's findings of fact).

**Reasoning for Recommended Disposition**

James Robert Martin seeks judicial review of the denial of his application for social security disability benefits.[3]  In the past, Mr. Martin worked for a shoe factory.[4]  He says he stopped working because his job required standing and standing caused his ankles to swell.[5]  He claims he has been disabled since he quit his job in February, 2011.  He based disability on swelling in his feet, a knee problem, and a sleeping disorder.[6]

**The Commissioner's decision**.  After considering the application, the Commissioner's ALJ identified back pain, chronic obstructive pulmonary disease (COPD), obesity, and bilateral leg pain, and pitting edema as severe impairments.[7]  The ALJ determined that Mr. Martin could do some sedentary work.[8]  Because a vocational expert identified available sedentary work, the ALJ determined that Mr. Martin was not disabled and denied the application.[9]

---

[3] SSA record at pp. 119 & 126 (applying on Mar. 22, 2012 and alleging disability beginning Feb. 1, 2011).

[4] *Id*. at pp. 149, 169 & 221.

[5] *Id*. at pp. 28, 159, 163, 186 & 202.

[6] *Id*. at p. 148.

[7] *Id*. at p. 12.

[8] *Id*. at p. 13.

[9] *Id*. at pp. 16-17.

After the Commissioner's Appeals Council denied a request for review,[10] the decision became a final decision for judicial review.[11] Mr. Martin filed this case to challenge the decision.[12] In reviewing the decision, the court must determine whether substantial evidence supports the decision and whether the ALJ made a legal error.[13] This recommendation explains why the court should affirm the decision.

**Mr. Martin's allegations**. Mr. Martin challenges several aspects of the decision, arguing: (1) the ALJ should have further developed the record by ordering a consultative exam; (2) the ALJ improperly determined that his impairments were controlled with treatment; (3) the ALJ erred in relying on vocational evidence because the vocational expert's testimony conflicts with the Dictionary of Occupational Titles

---

[10]*Id*. at p. 1.

[11]*See Anderson v. Sullivan*, 959 F.2d 690, 692 (8th Cir. 1992) (stating, "the Social Security Act precludes general federal subject matter jurisdiction until administrative remedies have been exhausted" and explaining that the Commissioner's appeal procedure permits claimants to appeal only final decisions).

[12]Docket entry # 1.

[13]*See* 42 U.S.C. § 405(g) (requiring the district court to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner conformed with applicable regulations); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) ("We will uphold the Commissioner's decision to deny an applicant disability benefits if the decision is not based on legal error and if there is substantial evidence in the record as a whole to support the conclusion that the claimant was not disabled.").

(DOT), and (4) the ALJ erred in his consideration of the transferability of skills. For these reasons, he maintains, substantial evidence does not support the ALJ's decision.[14]

**Applicable legal principles**. For substantial evidence to support the decision, a reasonable mind must accept the evidence as adequate to show Mr. Martin could do some sedentary work. Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools."[15] Sedentary work "represents a significantly restricted range of work. Individuals who are limited to no more than sedentary work by their medical impairments have very serious functional limitations."[16]

The ALJ placed the following limitations on sedentary work:

> (1) occasional climbing, balancing, stooping, and bending,
>
> (2) no crouching, kneeling, or crawling, and
>
> (3) no excessive chemicals, noise, humidity, fumes, dust, temperature extremes, gases, vibrations, and other pulmonary irritants.[17]

---

[14] Docket entry # 10.

[15] 20 C.F.R. §§ 404.1567(a) & 416.967(a).

[16] SSR 96-9p, Pol'y Interpretation Ruling Titles II & XVI: Determining Capability to Do Other Work--Implications of a Residual Functional Capacity for Less Than a Full Range of Sedentary Work.

[17] SSA record at p. 13.

For substantial evidence to exist, a reasonable mind must accept the evidence as adequate to show Mr. Martin could work within these limits. A reasonable mind will accept the evidence as adequate for the following reasons:

> 1. **No basis exists for excluding work involving excessive pulmonary irritants**. A claimant must prove disability with medical evidence; his allegations are not enough to prove he is disabled.[18] The ALJ identified five severe impairments, but the record establishes one impairment: obesity. There is no evidence of COPD. The other conditions identified as severe impairments are symptoms, not impairments. "A 'symptom' is not a 'medically determinable physical or mental impairment' and no symptom by itself can establish the existence of such an impairment." [19]
>
> The absence of evidence of COPD is significant because the ALJ excluded work involving excessive pulmonary irritants. In the absence of evidence

---

[18] 42 U.S.C. § 423 (d)(5)(A) ("An individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability…; there must be medical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment…which could reasonably be expected to produce the pain or other symptoms alleged and which…would lead to a conclusion that the individual is under a disability"); 20 C.F.R. §§ 404.1508 & 416.908 ("A physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by your statement of symptoms."); 20 C.F.R. §§ 404.1529 & 416.929 ("[S]tatements about your pain or other symptoms will not alone establish that you are disabled; there must be medical signs and laboratory findings which show that you have a medical impairment(s) which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all of the other evidence (including statements about the intensity and persistence of your pain or other symptoms which may reasonably be accepted as consistent with the medical signs and laboratory findings), would lead to a conclusion that you are disabled.").

[19] SSR 96-4p, Pol'y Interpretation Ruling Titles II & XVI: Symptoms, Medically Determinable Physical & Mental Impairments, & Exertional & Nonexertional Limitations.

of COPD, there is no basis for excluding pulmonary irritants. Mr. Martin did not allege symptoms flowing from pulmonary irritants. Instead, he complained about shortness of breath that medical experts attributed to obesity.[20]

Mr. Martin's argument about a conflict between the vocational evidence and the DOT fails because there is no evidence of COPD. Mr. Martin contends that a conflict exists because the ALJ excluded excessive noise as a pulmonary irritant, and because the DOT specifies "moderate noise" for working as a telephone solicitor.[21] Mr. Martin characterizes the difference between excessive nosie and moderate noise as an apparent conflict requiring a remand, but a remand is not indicated because no basis exists for excluding noise.

2. **Treatment history suggests no disabling symptoms**. Because there is little medical evidence, Mr. Martin's claim depends on the credibility of his subjective complaints. "Subjective complaints may be discounted if there are inconsistencies in the evidence as a whole."[22] Mr. Martin complains about disabling symptoms, swelling in his calves and ankles, a knee problem, and trouble breathing when sleeping, but he sought treatment only twice during the time period for which benefits were denied.[23] Two efforts in 31 months suggests no disabling symptoms. Mr. Martin knows about treatment at a free clinic, but he does not go.[24] A

---

[20]SSA record at pp. 243-50 & 253.

[21]The DOT doesn't specify noise levels, but according to a companion publication — the Selected Characteristics of Occupations Defined in the Revised DOT — a telephone solicitor works with "moderate" noise. Such exposure doesn't necessarily create a conflict because there are two higher noise levels: loud and very loud.

[22]*Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984).

[23]The medical evidence consists of: (1) emergency room (ER) visit on for right knee pain, negative diagnostic imaging, SSA record at pp. 234 & 238, and (2) ER visit for swelling in both calves, treated with a diuretic and discharged, *id*. at pp. 255-60.

[24]*Id*. at p. 35 (responding to "what have you done to treat your condition" and stating "I just try to deal with it on a day … to day basis because I don't have no

reasonable mind would expect a person with disabling symptoms to seek medical treatment.

Mr. Martin's treatment history suggests no reason for a consultative exam. "The ALJ is required to order medical examinations … only if the medical records … do not give sufficient medical evidence to determine whether the claimant is disabled."[25] Mr. Martin's medical records gave sufficient evidence to determine whether he was disabled. Medical providers instructed Mr. Martin on how to control his primary symptom[26] — swelling in the legs and ankles — but Mr. Martin did not pursue medical recommendations.

Medical recommendations included avoiding prolonged standing. A reasonable mind will accept the evidence as adequate to support the decision because the ALJ did not require standing.

3. **Transferability of skills was not an issue**. "Transferability means applying work skills which a person has demonstrated in vocationally relevant past jobs to meet the requirements of other skilled or semiskilled jobs."[27] The ALJ considers transferability when applying the Medical-Vocational Guidelines.[28] Mr. Martin claims that the ALJ failed to properly follow agency guidance about transferability. But, the ALJ didn't rely on

---

Medicaid."

[25] *Barrett v. Shalala*, 38 F.3d 1019, 1023 (8th Cir. 1994).

[26] SSA record at p. 261 (followup with UAMS medical clinic, reduce salt intake, take medications as prescribed, avoid long periods of standing).

[27] SSR 82-41, Titles II & XVI: Work Skills & Their Transferability as Intended by the Expanded Vocational Factors Reg. ¶ 2b.

[28] SSR 83-10, Titles II & XVI: Determining Capability to Do Other Work -- The Med.-Vocational Rules of Appendix 2.

the Guidelines; instead, the ALJ consulted a vocational expert to determine whether work existed that Mr. Martin could do.[29]

According to the vocational expert, and the DOT, Mr. Martin's past work as a materials handler, and the jobs identified as representative work, are classified at skill level 3 (jobs requiring over one month and up to and including three months to become proficient).[30] A reasonable mind will accept the evidence as adequate to support the decision because a vocational expert identified available sedentary work: telephone solicitor and food checker. The availability of these jobs shows that work exists that Mr. Martin could do, regardless of whether such work exists where he lives, whether a job vacancy exists, or whether he would be hired if he applied for work.[31]

### Conclusion and Recommended Disposition

Substantial evidence supports the ALJ's decision because a reasonable mind will accept the evidence as adequate to support the decision. The ALJ made no harmful legal error. For these reasons, the undersigned magistrate judge recommends DENYING Mr. Martin's request for relief (docket entry # 2) and AFFIRMING the Commissioner's decision.

Dated this 15th day of January, 2016.

_____
UNITED STATES MAGISTRATE JUDGE

---

[29]*See* SSR 00-4p, Titles II & XVI: Use of Vocational Expert & Vocational Specialist Evidence, & Other Reliable Occupational Info. in Disability Decisions.

[30]SSA record at pp. 50-51 (materials handler, telephone solicitor, food checker, all classified as SVP 3).

[31]42 U.S.C. § 1382c(a)(3)(B).